[Civ. No. 20861. First Dist., Div. Three. Oct. 18, 1963.]

JOHN GALLOIS, Plaintiff and Appellant, v. STAUFFER CHEMICAL COMPANY, Defendant and Respondent.

Husted, Pinney & Smith, George Olshausen and Donald V. Smith for Plaintiff and Appellant.

O'Donnell & Waiss and Robert F. MacKay for Defendant and Respondent.

DEVINE, J.—Appellant was a holder of preferred shares of West End Chemical Company when that company was merged with defendant Stauffer Chemical Company by vote

of the shareholders on September 25, 1956, and appellant dissented from the merger. On January 28, 1957, appellant brought an action against West End Chemical Company to have the fair market value of his shares determined. The court set the value at $76,325 and awarded interest at 7 per cent from date of judgment, which was July 2, 1959. Appellant appealed from that judgment on the ground that the court had not allowed him to show that the preferred shares, although legally callable, were noncallable de facto. The judgment was affirmed (*Gallois* v. *West End Chemical Co.*, 185 Cal.App.2d 765 [8 Cal.Rptr. 596]), the Supreme Court denied hearing, and on January 3, 1961, the litigation came to an end. The judgment for the fair market value has been paid by respondent, with interest at 7 per cent from date of judgment.

■ Appellant has brought this second action—but this one against Stauffer Chemical Company, not against West End—asking that the court declare that he is entitled to stock dividends declared by Stauffer during the litigation, which would give him some 1,177 shares of Stauffer Chemical Company stock, and also cash dividends of $9,369.40 which had been declared by Stauffer during that period. The court sustained without leave to amend defendant's demurrer to the amended complaint, and appellant appeals from the ensuing judgment.

The problem is one of statutory construction. Appellant presents two forms of argument: first, analysis and comparison of statutes; and second, contention that, in justice, appellant should be compensated while his funds were unavailable to him and that, therefore, the court should favor such interpretation of the statutes as will effect what he asserts to be the just result.

The principal statutes are section 4314 of Corporations Code, which reads: "Cash dividends paid by the corporation upon the dissenting shares after the day on which the vote was taken and prior to payment for the shares by the corporation shall be credited upon the total amount to be paid by the corporation therefor. Any share dividends declared after the shares become dissenting shares shall be treated as part of the dissenting shares"; and section 4315 of Corporations Code, which reads: "Except as expressly limited in this article, holders of dissenting shares continue to have all the rights and privileges incident to their shares, until the fair market value of their shares is agreed upon or determined. A

dissenting shareholder may not withdraw his dissent or demand for payment unless the corporation by its board of directors consents thereto.''

Appellant contends that the corporation referred to is the surviving corporation, Stauffer Chemical Company, not the constituent corporation, West End Chemical Company. His argument is this: It is declared in section 4116, Corporations Code, that the separate existence of the constituent corporation ceases upon merger, and section 4113 provides that merger becomes effective on filing of the executed agreement (after approval by the requisite vote of stockholders) with the Secretary of State. Therefore, appellant argues, the dividends referred to in section 4314 must be those of the surviving corporation, because the former constituent corporation has ceased to exist.

Further, says appellant, even if, despite his argument stated above, it be held that the cash dividends referred to in section 4314, paid ''by the corporation'' are dividends which may have been declared by the constituent corporation, nevertheless, share dividends are not so, because the last sentence of the section refers to ''[a]ny share dividends'' declared ''after the shares become dissenting shares.'' Therefore, he asserts, reference is to any dividends, no matter of which corporation, so long as they are declared after the shares became dissenting.

Finally, appellant argues, in justice the statutes should be construed as referring to cash and stock dividends of the surviving company, because otherwise the dissenting shareholder's property is held without producing a return during the period before and during litigation.

■ We hold that the corporation referred to in section 4314 is the constituent corporation, West End Chemical Company, and that the share dividends mentioned in the section are share dividends, if any, of that company. Our reasons are these:

1. Throughout article 2 of part 8, division 1 of the Corporations Code, in which section 4314 is contained, where the term ''the corporation'' is used without qualification, the reference plainly is to the company in which the interested shareholder holds stock (§§ 4304, 4306, 4311, 4312, 4313). If such a radical change in meaning as a shift to designate the surviving corporation, in which the shareholder had held no shares, had been intended, surely the designation would have been made explicitly.

2. Section 4314 is not made meaningless because of the fact that the constituent corporation goes out of separate existence upon completion of the merger. The time between shareholders' approval and completion may be long or short, but it is necessary to protect the dissenters during the interval, and this is done by section 4314.

3. Primary objects of the merger statutes appear to be (a) to strike the fair market value as of the date before the stockholders' vote, excluding appreciation or depreciation in consequence of the proposed action (Corp. Code, § 4300); and (b) if the vote favors merger, to bring about as speedy a conclusion as possible (short time limits for various procedural steps are found in sections 4302, 4304, 4305, 4306 and 4310). The interpretation of section 4314 which we have accepted fits these two purposes: cash dividends of the constituent, or disappearing, corporation are credited upon the valuation, thus implementing the method of determining the value as of the day before the voting; but share dividends, which would simply diminish the value of each share (there being no prospect of future earnings) are allotted to the holder. He is protected against diminution of value by dividend action. On the other hand, there is no incentive, through possible increment, to his delaying the winding up of his relations with the company of which he was part owner.

4. No injustice is caused by this construction. From the date of the judgment determining the market value of his shares, the holder receives 7 per cent interest until payment, even if he appeals fruitlessly, as appellant did. If he were to receive this interest plus cash and stock dividends during this period, he would be paid twice. As to the period before judgment, it is true that the holder does not receive a return on his investment, but this comports with what we have said appears to have been the legislative intent, namely, the freezing of valuation as of the certain date and the spurring of the interested parties to as rapid culmination of the affair as is possible. There is nothing which requires the Legislature to provide prejudgment interest or other compensation while litigation is in preparation or in progress, and there is no compelling reason for us to interpret the statute as providing such reward or return.

5. Finally, it would be incongruous to hold that a dissenter, during the period in which the court stands ready to adjust the valuation of his shares, or has already adjusted

it, subject to appeal, should participate in the earnings of a company the fortunes and risks of which he chose not to participate in, and that he should even partake of its net worth by receiving share dividends.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

A petition for a rehearing was denied November 12, 1963, and appellant's petition for a hearing by the Supreme Court was denied December 11, 1963.